UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIMAS FRANCISCO HERNANDEZ-ARAUJO,<br><br>Petitioner,<br><br>v.<br><br>FCI FORT DIX WARDEN,<br><br>Respondent. | Civil Action No. 24-10721 (SDW)<br><br>OPINION |

**WIGENTON**, District Judge:

Presently before the Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Dimas Francisco Hernandez-Araujo, a federal prisoner presently detained in FCI Fort Dix, requesting an order that prohibits the Bureau of Prisons (BOP) from revoking his First Step Act (FSA) good conduct credits in the event he receives a final order of removal. (ECF No. 1). For the following reasons, the Petition is dismissed without prejudice.

**I. BACKGROUND**

On August 30, 2022, Petitioner signed a plea agreement in which he pleaded guilty to one count of conspiracy to import cocaine and to manufacture and distribute cocaine intending and knowing that the cocaine will be unlawfully imported into the United States, 21 U.S.C. §§ 963, 960(b)(1)(A). *United States v. Hernandez Araujo*, No. 4:18-cr-00144 (E.D. Tex. Aug. 30, 2022) (ECF No. 269).[1] On October 3, 2023, Petitioner received a 135-month sentence to be followed by a five-year supervised release term. (*Id.* ECF No. 759). His projected release date from BOP

---

[1] The Court takes judicial notice of the public filings in Petitioner's criminal case.

custody is September 8, 2028.  Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited Jan. 30, 2025).

Petitioner filed his Petition on November 25, 2024.  (ECF No. 1).  He states that he is subject to an immigration detainer and is currently earning good conduct credits pursuant to the FSA.  (*Id.* at 2).  He asks the Court to issue an order prohibiting the BOP from revoking any of those credits if he receives a final removal order.  (*Id.* at 3).

## II.  DISCUSSION

### A.  Legal Standard

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A *pro se* habeas petition must be construed liberally.  *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).  Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

**B. Analysis**

Under the FSA, federal prisoners who complete "evidence-based recidivism reduction programming or productive activities" are entitled to earn good conduct credits to be applied towards early supervised release. 18 U.S.C. § 3632(d)(4)(A). However, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). "The statute thus bars any inmate who is subject to a final order of removal from receiving [good conduct] credits or applying any previously earned credits towards early supervised release." *Sanchez-Leyva v. Warden, FCI Ft. Dix*, No. 24-cv-06118, 2024 WL 4249544, at *2 (D.N.J. Sept. 20, 2024) (citing *Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23-cv-00091, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023)).

Here, petitioner is not currently subject to a final removal order and is presently earning credits under the FSA. (ECF No. 1 at 2). Petitioner seeks to enjoin the BOP from preventing him from applying his earned credits in the event that he receives a final order of removal from federal immigration authorities. "Petitioner bases this request on his belief that he has a vested interest in those credits … . The inherent flaw in Petitioner's argument, however, is that the very credits he seeks to protect—those granted by the [FSA]—are inherently contingent on Petitioner not receiving a final order of removal." *Mitchell-Palacio v. FCI Fort Dix (Warden)*, No. 24-cv-09831, 2024 WL 4542223, at *1 (D.N.J. Oct. 21, 2024). "[I]f Petitioner does receive a final order of removal, the BOP has no choice but to deprive him of the ability to apply his [FSA] credits towards early supervised release, and this Court has no authority to enjoin the operation of the statute." *Id.* Therefore, the Petition is without merit and must be dismissed.

3

The Court also must dismiss the Petition because Petitioner does not have an actual or imminent injury. "To have standing to bring a suit in federal court, a plaintiff must demonstrate a concrete and particularized, actual or imminent, injury in fact." *Stanko v. Obama*, 393 F. App'x 849, 851 (3d Cir. 2010). Any harm is presently speculative; Petitioner is currently accruing and can apply credits towards his early supervised release. He presumes that he will be injured if the United States initiates and pursues removal proceedings. In the absence of a concrete, imminent injury, the Petition must be dismissed as premature.

### III. CONCLUSION

For the reasons stated above, this Court will dismiss the Petition without prejudice. An appropriate order follows.

Date:      January 31   , 2025

*[signature]*

Hon. Susan D. Wigenton
United States District Judge